## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

RICKY A. DICKENS,

                Plaintiff,

v.                                            CIVIL ACTION NO. 2:10-cv-00088

AETNA LIFE INSURANCE COMPANY,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Aetna Life Insurance Company's ("Aetna") Partial Motion to Dismiss, Motion to Strike Jury Demand and Motion to Strike Request for Extracontractual Damages [Docket 5]. For the reasons set forth below, the motion is **GRANTED IN PART and DENIED IN PART**.

#### *I. BACKGROUND*

Plaintiff Ricky A. Dickens was employed by Bristol-Meyers Squibb Company until 2004, where he participated in a long-term income disability plan ("the Plan"). Aetna is the claims administrator for the Plan. According to Plaintiff's complaint, in late 2003, he began experiencing symptoms of depression, anxiety, and other mental infirmities, and he was later diagnosed with clinical depression, anxiety, insomnia, and suicidal ideations. (Docket 1-1 at 2-3.) Based on his conditions, Plaintiff began receiving long-term disability benefits under the Plan on or about July 16, 2004.

By letter dated August 4, 2008, Aetna informed Plaintiff that he no longer qualified as a disabled individual under the Plan, and for that reason, his benefits would cease. Following receipt of that notice, Plaintiff initiated an internal appeal. On July 27, 2009, Aetna reaffirmed its initial decision that Plaintiff was no longer disabled under the plan. Plaintiff then filed suit in the Circuit Court of Fayette County, West Virginia, seeking restoration of benefits under the Plan, injunctive relief, and attorneys' fees and costs pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Aetna removed the suit to this Court on January 28, 2010, and filed the present motion on January 29, 2010.

## II. DISCUSSION

*A. Standards of Review*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.2008) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). Thus, "[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.' " *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

A Rule 12(f) motion to strike is the "method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent, or scandalous." *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993) (citing 5A Charles Alan Wright et al., Federal Practice & Procedure § 1380 (2d ed. 1990)). The Rule 12(f) motion to strike standard places a

"sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Usually, a motion to strike requires a showing that denial of the motion would prejudice the movant. *Id*.

      *B. Motion to Dismiss Equitable Relief Claim*

Aetna first argues that equitable relief is unavailable to Plaintiff because the monetary recovery provision of ERISA's civil enforcement section provides an adequate remedy. Specifically, Aetna argues that Plaintiff is limited to the cause of action afforded in 29 U.S.C. § 1132(a)(1)(B). That section provides:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Further, Aetna argues, Plaintiff is unable to pursue an action for equitable relief pursuant to 29 U.S.C. § 1132(a)(3), which provides:

> A civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) has been described as a "catchall" for ERISA violations, *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996), that allows courts to provide "appropriate" equitable relief.

Aetna is correct that Plaintiff is unable to enforce ERISA using § 1132(a)(3). In order to pursue a § 1132(a)(3) action, the redress sought by Plaintiff must not only be a classic form of equitable relief,[1] it must also "be appropriate under the circumstances." *Griggs v. E.I. DuPont De Nemours & Co.*, 237 F.3d 371, 384 (4th Cir. 2001). Section 1132(a)(3) is not an "appropriate" form

---

[1] Such "classic" equitable relief encompasses "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993).

3

of relief when a plaintiff merely repackages a § 1132(a)(1)(B) claim: "Where Congress has elsewhere provided means to adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case [§ 1132(a)(3)] relief normally would not be appropriate." *Varity Corp.*, 516 U.S. at 515. It is plain from Plaintiff's complaint that he is seeking injunctive relief,[2] which is clearly contemplated by § 1132(a)(3). (Docket 1-1 at 7-8.) It is equally plain that relief pursuant to § 1132(a)(3) is likely inappropriate in this case because "'Congress elsewhere provided adequate relief for [Plaintiff's] injury' and there is 'no need for further equitable relief.'" *Griggs*, 237 F.3d at 385 (quoting *Varity Corp.*, 516 U.S. at 515). The entirety of the relief Plaintiff seeks can be found in 29 U.S.C. § 1132(a)(1)(B).

From this conclusion, Aetna insists that Plaintiff is therefore foreclosed from pursuing his equitable claims at all. However, contrary to Aetna's briefing,[3] the Court finds that 29 U.S.C. § 1132(a)(1)(B) provides a separate vehicle for the injunctive relief Plaintiff seeks. This conclusion

---

[2] Some of Plaintiff's briefing indicates that he is now seeking restitution from Aetna of sums expended on past and future medical expenses. (Docket 8 at 7.) What Plaintiff classifies as "restitution" appears to be consequential damages flowing from the denial of benefits. Because such consequential damages are unavailable in ERISA cases, *see infra*, the claim for medical expenses is stricken. In addition, even if Plaintiff's medical expenses are properly classified as "restitution," they are compensatory in nature and thus unavailable for purposes of ERISA. *See Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 731-32 (8th Cir. 2009) ("[M]onetary relief in the form of restitution is generally available only if the action seeks 'not to impose personal liability on the defendant, but to restore to the plaintiff *particular funds or property* in the defendant's possession.'") (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002)) (emphasis added).

[3] "By Plaintiff's own admission, the claim he asserted arises under 29 U.S.C. § 1132(a)(1)(B). *That section does not authorize equitable relief.* The bottom line is that Plaintiff has asserted a claim for benefits. As such, the relief available to Plaintiff is limited to the remedies set forth in 29 U.S.C. § 1132(a)(1)(B). He is not entitled to 'other equitable relief.'" (Docket 6 at 7 (emphasis added).)

flows from a plain reading of the text of 29 U.S.C. § 1132(a)(1)(B).[4]  The Supreme Court specifically acknowledged as much in *Massachusetts Mutual v. Russell*:

> To recover the benefits due to her, [plaintiff] could have filed an action pursuant to § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] [1] to recover accrued benefits, [2] to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and [3] to enjoin the plan administrator from improperly refusing to pay benefits in the future.

473 U.S. 134, 146-47 (1985) (discussing ERISA's "comprehensive and reticulated" remedial scheme). This interpretation of § 1132(a)(1)(B) has been followed by lower courts. *E.g.*, *Tackett v. M & G Polymers, USA*, 561 F.3d 478, 492 (6th Cir. 2009) ("Plaintiffs asked the district court for recovery of health benefits due under the plan . . . , a declaration of their rights to health benefits under the plan, and an injunction prohibiting the plan administrator from modifying or terminating retiree health benefits in the future. All of these remedies are cognizable under §502 (a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]."). Similar to the plaintiffs in *Tackett*, all of the relief sought by Plaintiff is encompassed in §1132(a)(1)(B)—restoration of his benefits, injunctive relief related to his plan, and declaratory judgment related to his plan.[5]  In light of the cited precedent and the Court's

---

[4] In addition to "recover[ing] benefits due," § 1132(a)(1)(B) allows a plaintiff to "enforce his rights under the terms of the plan" and "clarify his rights to future benefits under the terms of the plan." These phrases correspond to recovery of benefits, affirmative injunctive relief, and declaratory judgment.

[5] The fact that Plaintiff's complaint seeks to enjoin Aetna from conducting "arbitrary reviews of *his* disability status, without first establishing that there is clear and convincing reason to believe that the conditions necessitating *his* disability status have resolved," Docket 1-1 at 7 (emphasis added), is not lost on the Court. If Plaintiff sought an injunction to alter the manner in which Aetna administers the disability benefits plan as it pertains to *all beneficiaries*, his claims could not be satisfied by § 1132(a)(1)(B) alone, and recourse pursuant to § 1132(a)(3) would be warranted. *See, e.g.*, *Tackett*, 561 F.3d at 491-92 (holding that § 1132(a)(1)(B) does not permit plan-wide injunctive relief). However, because Plaintiff seeks injunctive relief only for individual benefit payments, his equitable claim is within the purview of § 1132(a)(1)(B).

interpretation of the relevant statutory provisions, Aetna's motion to dismiss Plaintiff's claim for equitable relief is **DENIED**.

### C. Motion to Strike Jury Demand

Plaintiff is not entitled to a jury trial for ERISA claims. *See Grover v. Cent. Benefits Nat'l Life Ins. Co.*, 876 F. Supp. 826, 829 (S.D. W. Va. 1995) (jury demand is precluded under ERISA); *Abels v. Kaiser Aluminum & Chem. Corp.*, 803 F. Supp. 1151, 1153 (S.D. W. Va. 1992) (citing *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985)) (no right to jury trial for lost benefits under ERISA Section 502(a)); *Tingler v. Unum Life Ins. Co. of Am.*, No. 6:02-cv-1285, 2003 WL 1746202, at *6 (S.D. W. Va. Apr. 2, 2003) (unpublished) (granting motion to strike jury demand). The Fourth Circuit has held that, although ERISA itself is silent on the right to trial by jury, Congress' silence indicates that ERISA actions are, in essence, proceedings under the common law of trusts, where no jury right exists. *See Berry*, 761 F.2d at 1007; *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (conclusion that ERISA Section 502(a)(1)(B) requires de novo review guided by "established principles of trust law"). Apparently acknowledging the futility of his initial demand, Plaintiff failed to argue for or cite case law to support his jury demand in any responsive memoranda.

Because this case states a claim under ERISA, it requires a bench trial. Accordingly, Aetna's Motion to Strike the Jury Demand is **GRANTED**.

### D. Motion to Strike Extracontractual Damages Claims

Aetna next moves to strike Plaintiff's demand for extracontractual damages on the ground that such damages are unavailable in ERISA cases. It is unclear from Plaintiff's state court complaint whether he seeks extracontractual damages. Paragraph 34 of the complaint states that the

actions of Aetna in denying disability benefits "caused [Plaintiff] additional stress, exacerbated existing conditions, and caused delays in treatment." (Docket 1-1 at 7.) Paragraph 27 asserts that "Mr. Dickens has suffered damages as a result of Aetna's arbitrary termination, which include . . . lost past benefit payments, lost future benefit payments, and out-of-pocket expenses . . . ." (*Id.* at 6.) Insofar as these paragraphs or any other paragraphs of Plaintiff's complaint seek compensatory or extracontractual damages pursuant to ERISA, those claims must be stricken.

It is well-established that extracontractual damages are not available under ERISA. *See Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146-48 (1985). In *Massachusetts Mutual v. Russell*, the Supreme Court undertook an analysis of ERISA's civil enforcement provision and concluded that Congress did not intend to authorize remedies beyond those expressly set forth. *Id.* at 146. The Court noted that nowhere in 29 U.S.C. §1132(a) did Congress provide for recovery of compensatory or extracontractual damages. *Id.* Likewise, the Court refused to imply such a remedy where Congress had acted so deliberately in crafting civil remedies for ERISA violations. *Id.* at 147. To dispel any future semantic objections, the "extracontractual damages" sought by the plaintiff in *Massachusetts Mutual v. Russell* were very similar to those sought by Plaintiff in paragraphs 27 and 34 of his complaint. The plaintiff in *Russell* claimed she was "injured by the improper refusal to pay benefits . . . which, in turn, aggravated the psychological condition that caused [her] back ailment." *Id.* at 136-37. To the extent that Plaintiff seeks similar extracontractual damages, Defendant's motion to strike those damages is **GRANTED**.

*III. CONCLUSION*

For the reasons set forth above, Defendant's Partial Motion to Dismiss, Motion to Strike Jury Demand and Motion to Strike Request for Extracontractual Damages [Docket 5] is **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 30, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE